UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| EDNA BRIGHT ) | |
| ) | |
| v. ) | Case No. 4:17-cv-50-HSM-CHS |
| ) | |
| CITY OF FAYETTEVILLE ) | |

## REPORT AND RECOMMENDATION

### I.      Introduction

Plaintiff Edna Bright, *pro se*, has filed an application to proceed *in forma pauperis* [Doc. 1]. Because I conclude her complaint does not state a claim for which relief can be granted and this Court lacks subject matter jurisdiction, I **RECOMMEND** that this action be **DISMISSED** and that the application to proceed *in forma pauperis* be **DENIED** as moot. [1]

Under 28 U.S.C. § 1915(e)(2), the Court is responsible for screening all actions filed by plaintiffs – including non-prisoners seeking *in forma pauperis* status – and dismissing any action or portion thereof which is frivolous or malicious, fails to state a claim for which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir.1997), *overruled on other grounds by Jones v.*

---

[1] In addition to the instant action, Ms. Bright has filed eleven actions in this court *pro se*: Case Nos. 4:94-cv-00017; 4:94-cv-00080; 4:11-cv-00056-HSM-CHS; 4:13-cv-00005-HSM-CHS; 4:15-cv-00061-HSM-SKL; 4:16-cv-00051-HSM-CHS; 4:16-cv-00053-HSM-CHS; 4:16-cv-00055-HSM-CHS; 4:17-cv-00046-HSM-CHS; 4:17-cv-00047-TAV-SKL; 4:17-cv-00050-HSM-CHS; 4:17-cv-00082-TRM-CHS. Except for Case No. 4:17-cv-46, which is still pending, all of these cases have been dismissed by this Court for failure to state a claim. At least four of these actions relate to the same subject matter as the instant case, *to wit*, her residence at 1216 McDonald Street in Fayetteville, Tennessee, which was refurbished or renovated or replaced using a loan obtained through some type of state or federal housing loan program. *See* Case Nos. 4:11-cv-56-HSM-CHS, 4:16-cv-51-HSM-CHS, 4:17-cv-46-HSM-CHS, 4:17-cv-50-HSM-CHS. In case No. 4:16-cv-53, the District Court warned Ms. Bright that she was on notice that the Court may place reasonable restrictions on her court access if she files "yet another meritless motion. . . ." Case No. 4:16-cv-53-HSM-CHS, Doc. 9, August 11, 2017 Order.

*Bock*, 549 U.S. 199 (2007) and *La Fountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *Smith v. Lindamood*, Case No. 1:16-cv-86, 2017 WL 444830, at *2 (M.D. Tenn. Feb. 2, 2017); *Johns v. Maxey*, Case No. 2:07-cv-238, 2008 WL 4442467, at *1 (E.D. Tenn. Sept. 25, 2008) (Greer, J.).

The standard required by § 1915(e)(2) to properly state a claim for which relief can be granted is the same standard required by Fed. R. Civ. P. 12(b)(6). *Brand v. Motley*, 526 F.3d 921, 924 (6th Cir. 2008); *accord Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007). In determining whether a party has set forth a claim in his complaint for which relief can be granted, all well-pleaded factual allegations contained in the complaint must be accepted as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*), *Bell Atlantic Corp. v. Twombly,* 550 U.S 544, 555 (2007). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Erickson*, 551 U.S. at 93 (quoting *Twombly*, 550 U.S. at 569-70.) Further, a *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nevertheless, the complaint must be sufficient "to state a claim to relief that is plausible on its face," *Twombly*, 550 U.S. at 570, *Wyson Corp. v. APN*, *Inc.*, 889 F.3d 267, 270 (6th Cir. 2018) ("The question is whether [plaintiff's] complaint[] contain[s] factual allegations that, when accepted as true, set out plausible claims for relief.") This requirement simply means that the factual content pled by a plaintiff must permit a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## II.   Facts

Plaintiff Edna Bright alleges that "[a]fter construction on March 16, 2009 the plaintiff was left without a closing package or documents in her possession proving she is the owner of

her new dwelling from the government entities' [sic] affiliated with the state of Tennessee's HOME Investment Partnership Program." [Complaint at 1-2, Doc. 1]. Plaintiff states she cannot obtain insurance on her dwelling because she has no ownership documents. *Id.* Plaintiff asks for $2 million in damages, "[c]ontract [sic] cancelled," and "Plaintiff [sic] property listed as personal property." *Id.* at 2. There are no specific allegations related to the City of Fayetteville other than she filed a "Petition of Grievances to the City of Fayetteville for a hearing to discuss this issue," but the City of Fayetteville did not respond. *Id.*

Plaintiff has not stated a claim for relief against the City of Fayetteville. Plaintiff does not allege she had a contract with the City of Fayetteville, and Plaintiff does not allege any facts in this complaint which would indicate the City of Fayetteville owes any duty to the Plaintiff to provide her with ownership documents related to her house at 1216 McDonald Street, Fayetteville, Tennessee. Plaintiff makes no allegations of violations of specific federal or state laws, nor does she allege any constitutional violations. The Court also notes that the conduct about which Plaintiff complains occurred more than nine years ago. Had Plaintiff actually stated a claim under federal or state law, it would, most likely, be time barred. The Court declines to speculate as to what claim Plaintiff might have attempted to state. The Court will recommend this action be dismissed for failure to state a claim for which relief can be granted.

In addition, the Court lacks subject matter jurisdiction in this action. The Court has a duty to determine whether it has subject matter jurisdiction to adjudicate an action. *Campanella v. Commerce Exch. Bank*, 137 F.3d 885, 890 (6th Cir. 1998) ("[I]t is beyond question that federal courts have a continuing obligation to inquire into the basis of subject-matter jurisdiction to satisfy themselves that jurisdiction to entertain an action exists.")

The party seeking to bring a case into federal court carries the burden of establishing diversity jurisdiction. *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999). To establish original jurisdiction through diversity of citizenship, the amount in controversy must exceed $75,000 and the parties must be citizens of different states. 28 U.S.C. § 1332(a). Federal diversity jurisdiction requires complete diversity – no defendant may be a citizen of the same state as any plaintiff. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978); *Gray v. Bush*, 628 F.3d 779, 783 (6th Cir. 2010). In the instant case, there is no allegation in the complaint indicating damages exceed $75,000. Further, the complaint fails to establish that the Plaintiff and Defendant are citizens of different states. Thus, the complaint fails to establish subject matter jurisdiction by diversity of citizenship.

Alternatively, to establish jurisdiction on the basis of a federal question, the action must arise under "the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. There are no allegations in this complaint to indicate that this action arises under "the Constitution, laws, or treaties of the United States." Thus, the complaint also fails to establish subject matter jurisdiction on the basis of a federal question.

Plaintiff makes the bald assertion in her complaint that the Court has jurisdiction pursuant to 28 U.S.C. § 1343 [Complaint at 1, Doc. 1]. Section 1343 provides subject matter jurisdiction to district courts over civil actions claiming a deprivation of a right secured by the laws or Constitution of the United States providing for equal protection or for the protection of civil rights including the right to vote. *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 602-03 (1979); *Mitchell v. Lenoir*, Case No. 12-2843, 2013 WL 6231158 *5 (W.D. Tenn. Dec. 2, 2013). Plaintiff makes no such allegations in her complaint.

4

"[F]ederal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute." *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003) (citations omitted); *see also Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986) ("Federal Courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto.") The complaint does not contain the requisite jurisdictional statement setting forth the basis on which this Court has subject matter jurisdiction in this case.

III. Conclusion

For the reasons stated herein, it is **RECOMMENDED** that this action be **DISMISSED** and the application for *in forma pauperis* status be **DENIED** as moot.[2]

**ENTER.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE

---

[2] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified constitutes a waiver of the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S. Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).